**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DELORES JOHNSON,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | No. 3:08-cv-2079-B-BF |
| § | |
| **COMMISSIONER OF THE SOCIAL** § | |
| **SECURITY ADMINISTRATION,** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**I. Background**

On May 19, 2005, Plaintiff filed an application for Title II benefits, alleging a disability onset date of November 14, 2004, due to lymphedema, a bilateral mastectomy, and chronic left hand pain. [Tr. 17, 60-62, 90, 124.] The ALJ held a hearing on January 11, 2007, at which Plaintiff, Plaintiff's nephew, and a vocational expert ("VE") testified. [Tr. 17, 228.] At the time of the hearing, Plaintiff was 56 years old with a high school diploma and past relevant work as a printed circuit board assembler and electronics assembler. [Tr. 22, 128, 231.]

The ALJ decided Plaintiff's case on October 27, 2004.  Though finding at step two that Plaintiff had a severe combination of impairments consisting of status post breast cancer and major depressive disorder, the ALJ ultimately determined at step four that Plaintiff could return to her past relevant work as a printed circuit board assembler and an electronics assembler. [Tr. 19, 22-23.] This led to the ALJ denying benefits to Plaintiff.  Plaintiff sought review from the Appeals Council**.**  Her request was denied on July 22, 2008, making the ALJ's decision final for the purposes of review. [Tr. 9.]

**II. Standard of Law**

A claimant must prove that he or she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove her disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id*. Once the claimant satisfies

his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations, by expert vocational testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §405(g). The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

**III. Analysis**

The sole issue before the Court is whether the ALJ committed an error of law by not including limitations in Plaintiff's residual functional capacity ("RFC") based upon his step two determination that Plaintiff's depression was "severe" under the *Stone* standard. *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). Such a finding is not *per se* inconsistent. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983); *see also Boyd v. Apfel*, 239 F.3d 698, 705 & n.12 (5th Cir. 2001) (finding of severe limitation at step two not inconsistent with finding of RFC without limitations). The primary argument asserted by Plaintiff, that "all severe impairments should cause some limitations to be included in the residual functional capacity," thus misstates the law. [Pl. Br. at 6.]

The ALJ specifically concluded that Plaintiff's depression "has not caused a significant

impact on her ability to function in a work environment." [Tr. 22.]  The ALJ's determination that Plaintiff is capable of performing past relevant work is supported by substantial evidence.  Plaintiff reported that she had no difficulties in getting along with others. [Tr. 110, 239.]   Her physicians described her as "alert and oriented x3," and noted that she did not report depression problems at her exam. [Tr. 152, 155.] Plaintiff has never been hospitalized due to a mental impairment [Tr. 22.] Though the results of a psychiatric exam were "below what would be expected," the psychiatrist noted that Plaintiff's "effort during testing appeared minimal" and her presentation was "highly dramatic," leading the psychiatrist to openly question the validity of the test's results. [Tr. 221.] The Psychiatrist also noted a "significantly higher level of functioning" in the last four months of 2006, and noted that the "significant decompensation is inexplicable." [Tr. 219, 223.] Ultimately, the Psychiatrist labeled her findings "provisional." [Tr. 223.] As such, the ALJ did not afford them controlling weight. [Tr. 22.]

Further, the ALJ noted that Plaintiff "is capable of performing activities of daily living, self care, personal hygiene and light household chores without significant limitations" and she is able to "attend church." [Tr. 22.]; *see Leggett*, 67 F.3d at 565 n.12 (a claimant's daily activities may be considered in determining disability). The ALJ's findings are supported by the record. [Tr. 109, 110, 152, 219, 241, 244.] These findings are sufficient to find that Plaintiff's depression does not create limitations to her residual functional capacity.  *See Leggett*, 67 F.3d at 565 (noting that claimant cared for his children, performed household chores, cut the grass in small increments, and waked up to six blocks at a time).  The ALJ's determination that Plaintiff is able to return to past work is further supported by testimony of the VE that someone with Plaintiff's RFC could return to past relevant work. [Tr. 22-23, 248-49.]

4

## IV. Recommendation

For the foregoing reasons, the Court recommends that the ALJ's decision denying benefits should be affirmed.

**SO RECOMMENDED,** July 14, 2010.

  
_____  
PAUL D. STICKNEY  
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).